IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA C. YOUNG, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) Case No. CIV-21-943-PRW |
| OKLAHOMA DEPARTMENT OF CORRECTIONS, | ) ) ) ) |
| Defendant. | ) |

**ORDER**

Before the Court is Defendant's Motion to Dismiss and Brief in Support (Dkt. 20). The Court granted leave to file this second motion to dismiss (Dkt. 19) after denying Defendant's first motion (Dkts. 13, 15). Plaintiff did not file a response opposing Defendant's current motion.[1] This Court therefore exercises its discretion and deems the Motion (Dkt. 20) confessed.[2]

Having reviewed the Complaint (Dkt. 1), the Motion (Dkt. 20), and the relevant law, the Court finds that Plaintiff's Complaint does not comply with Federal Rule of Civil Procedure 8. Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "[e]ach allegation . . . be simple, concise, and direct."[3] These requirements protect defendants by ensuring that they

---

[1] LCvR7.1(g).

[2] *Id.*

[3] Fed. R. Civ. P. 8(a)(2), 8(d)(1).

1

are on notice of the claims against them.[4] While the liberal reading afforded to *pro se* filings can overlook "unfamiliarity with pleading requirements"[5] to some extent, sufficient departure from Rule 8's guidelines "can supply a basis for dismissal."[6]

Plaintiff's Complaint presents twenty-nine pages of un-numbered, single-spaced paragraphs containing a host of factual allegations that appear to be of mixed relevance. The pleading fails to put Defendant on notice of the claims against it, and therefore falls short of the principles embodied in Rule 8. The Court hereby **GRANTS** Defendant's Motion (Dkt. 20) and **DISMISSES WITHOUT PREJUDICE** the Complaint (Dkt. 1).[7] The Court will permit Plaintiff to file a motion—on or before August 17, 2023—for leave to amend his Complaint to comply with Rule 8 of the Federal Rules of Civil Procedure.[8] Should he fail to timely seek leave to amend, a judgment will be entered in favor of Defendant.

---

[4] *See Reitmire v. United States*, No. CIV-18-1035-G, 2019 WL 419288, at *1 (W.D. Okla. Feb. 1, 2019).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[6] *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Ctr.*, 492 F.3d 1158, 1161–62 (10th Cir. 2007); *see also Reitmire*, 2019 WL 419288, at *1–2 (dismissing *pro se* complaint, sua sponte, for failure to comply with Rules 8 and 10).

[7] *See* Fed. R. Civ. P. 41(b); *Nasious*, 492 F.3d at 1162 ("Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.").

[8] Any motion to amend must also comply with Local Civil Rule 15.1, which requires a party to "attach the proposed pleading as an exhibit to the motion."

**IT IS SO ORDERED** this 14th day of July 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE